**Hani ILAIAN and Khawla Ilaian, d.b.a. Near East Foods, Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRI-TION Service, and Does 1 through 10, inclusive, Defendants.**

No. 99CV2178–J(LSP).

United States District Court, S.D. California.

Jan. 14, 2000.

Freddy Abraham Garmo, Garmo and Associates, El Cajon, CA, for Hani Ilaian, Khawla Ilaian, plaintiffs.

US Attorney CV, U.S. Attorneys Office, Civil Division, San Diego, CA, for United States Department of Agriculture, Food and Nutrition Service, USA, defendants.

## ORDER DENYING PLAINTIFFS' APPLICATION FOR STAY OF ADMINISTRATIVE ACTION

JONES, District Judge.

Hani and Khawla Ilaian ("Plaintiffs") are the owners of Near East Foods, a market that specializes in "halal" food and caters to a large number of food stamp recipients. The Food and Nutrition Service ("FNS") disqualified Plaintiffs (revoked their right to accept food stamps from recipients) because it found that Plaintiffs had "trafficked" in food stamps in violation of the Food Stamp Act ("the Act"). "Trafficking" is defined as "the buying or selling of coupons, ATP cards or other benefit instruments for cash or consideration other than eligible food." 7 C.F.R. § 271.2. The sanction of disqualification is apparently[1] required by 7 C.F.R. § 278.6(e), which states that "The FNS regional office *shall:* (1) Disqualify a firm permanently if: (I) personnel of the firm have trafficked as defined in § 271.1."

Plaintiffs request a stay of their disqualification from participating in the Food Stamps Program ("the Program") pending their appeal on the merits, also to be decided by this Court. Therefore, the Court must decide if it has the power to issue a stay when disqualification is based on trafficking.

The Court requested and received supplemental briefing on the issue of whether 7 C.F.R. § 279.10(d) which prohibits permanently disqualified food stamp program vendors from obtaining a stay of the disqualification sanction is a reasonable agen-

---

1. A threshold issue before the Court is whether the Court has the power to issue a stay of the FNS's action. Whether the sanction imposed upon the Plaintiffs was required or appropriate is one of the issues to be decided when this Court reaches the merits of Plaintiffs' claim. Because of this Court's holding

on its power to issue a stay, the Court need not reach the Plaintiffs' probability of success on the merits, and therefore any decision on the propriety of the FNS's sanction would be premature at this time. The Court's discussion here is intended merely as background.

cy interpretation of recent amendments to the Food Stamp Act. The Court concludes it is and, accordingly, Plaintiff's request for a stay pending judicial review is DENIED.

When the Court reviews an agency's construction of a statute administered by that agency, the Court must engage in a two pronged analysis:

> "... whether Congress has directly spoken to the precise question of issue. If the intent of Congress is clear that is the end of the matter ... If ... Congress has not directly addressed the precise question at issue ... [If] the statute is silent or ambiguous ... the question for the Court is whether the agencies answer is based on a permissible construction of the statute."

*Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.* 467 U.S. 837, 842–843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). The Court agrees with Defendants that the plain language of 7 U.S.C. § 2023(a)(18) reflects that a stay is not available in cases of permanent disqualification for trafficking. Section 2023(a)(18) provides:

> Notwithstanding any other provision of this subsection, any permanent disqualification of a retail food store ... shall be effective from the date of receipt of the notice of disqualification. It the disqualification is reversed through administrative or judicial review, the secretary shall not be liable for the value of any sales lost ...

7 U.S.C. § 2023(a)(18). Furthermore, the regulations promulgated to implement this section support this plain meaning:

> However, permanent disqualification actions taken in accordance with § 278.6(e)(1) of this chapter shall not be subject to such a stay of administrative action. If the disqualification action is reversed through administrative or judicial review, the Secretary shall not be liable for the value of any sales lost during the disqualification period.

7 C.F.R. § 279.10(d). The plain language of the first sentence of the regulation clearly forbids the Court from issuing a stay in this case. Further, the immunity afforded the Secretary shows that disqualified parties may suffer substantial economic losses pending review of their cases, which would not be true if they could be given injunctive relief by the courts.

Based on the foregoing, Plaintiffs' request for a stay of their disqualification by the FNS pending appeal is **DENIED**.

It is further ordered that all papers submitted in the future shall conform with the 16th edition of the Bluebook Uniform System of Citation and the Local Rules for the Southern District of California. Papers not in substantial compliance with said rules will be rejected by the Court.

**IT IS SO ORDERED.**